UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOAN HERALD,

                            Plaintiff,                   **COMPLAINT**

vs.

                                                        **CIV. NO.:**

UNITED STATES OF AMERICA,

                            Defendant.
_____

      Plaintiff, JOAN HERALD, by her attorneys Faraci Lange LLP, as and for her complaint against the defendant, UNITED STATES OF AMERICA, alleges as follows:

## JURSIDICTION

      1.     This is an action for medical malpractice arising under the Federal Tort Claims act, 28 USC 2672, et. seq.  This court has jurisdiction pursuant to U.S. Constitution, Art. III, Section 2; 28 U.S.C. 1331; 28 U.S.C. 1367; 28 U.S.C. 1346 (b) (1); 28 USC § 2675, et seq. and 42 USC 233 to recover damages for negligence and medical malpractice.

## PARTIES

      2.     Plaintiff is a resident of the County of Cattaraugus and State of New York and therefore, venue is appropriate in the Western District of New York pursuant to 28 U.S.C. 1402(b).

      3.     Upon information and belief, defendant is a proper party to this action by virtue of the terms of the Public Health Services Act, Pub. L. 102-501 and 104-73, confided as 42 U.S.C. § 233 (a) – (n).

4. Upon information and belief at all times mentioned, Universal Primary Care ("UPC") was and is a federally qualified health center, with a business location at 135 North Union Street, Olean, New York 14760.

5. Upon information and belief at all times mentioned, Roop Kiran Kaur ("Roop Kaur") obtained a MBBS degree and was practicing medicine under supervision at UPC and under the provisions of the Public Health Services Act, Pub. L. 102-501 and 104-73, confided as 42 U.S.C. § 233 (a) – (n), was and is a Federal employee.

6. Upon information and belief at all times mentioned, Annmarie Zimmerman ("Annmarie Zimmerman") was and is a medical doctor practicing in the area of family medicine and was the medical director at UPC, and under the provisions of the Public Health Services Act, Pub. L. 102-501 and 104-73, confided as 42 U.S.C. § 233 (a) – (n), was and is a Federal employee.

## GENERAL FACTSACTUAL ALLEGATIONS

7. On or about July 22, 2016 plaintiff was seen by Roop Kaur at UPC, located at 135 North Union Street, Olean, New York 14760.

8. UPC had previously served as plaintiff's primary care group.

9. Plaintiff had never met Roop Kaur prior to this visit and was assigned to her after calling UPC for an appointment.

10. Upon information and belief, at the time of the July 22, 2016, visit, Roop Kaur was a first year resident and was working under the supervision of Annmarie Zimmerman.

11. Several days prior to July 22, 2016, plaintiff had called for a refill of her Lisinopril-Hydrochlorothiazide medication that she had been taking for at least five (5) years to

control hypertension, but was told she had to come in to be seen before the medication prescription would be refilled.

12.     After having her vital signs checked, Roop Kaur told plaintiff her blood pressure was low and that plaintiff should stop taking her Lisinopril-Hydrochlorothiazide.

13.     According to the note entered in her medical chart, Roop Kaur instructed plaintiff to monitor her blood pressure at home, but plaintiff did not possess a blood pressure cuff or other device to do so.

14.     Upon information and belief, plaintiff was not seen or evaluated by Annmarie Zimmerman on July 22, 2016, although Annmarie Zimmerman signed off on the note entered by Roop Kaur almost two months after the visit, indicating that she had been present during the visit.

15.     As instructed by Roop Kaur, plaintiff did not take her Lisinopril-Hydrochlorothiazide medication on July 23, 2016, or on any of the following days.

16.     On August 7, 2016, plaintiff became unresponsive and showed symptoms of a possible seizure. An ambulance was called and she was transported to Olean General Hospital. The emergency medical technician on the ambulance crew recorded her blood pressures upon arrival at the scene and during transport as 185/81, 231/104, and 210/83.

17.     After being evaluated at Olean General Hospital, plaintiff was transported to Erie County Medical Center were an MRI was performed and she was diagnosed with hypertensive encephalopathy with PRES/hypertensive hemorrhage secondary to being suddenly withdrawn from her Lisinopril-Hydrochlorothiazide medication she had been taking for the previous five years.

18. Due to the sudden withdrawal of her Lisinopril-Hydrochlorothiazide medication leading to her subsequent hypertensive encephalopathy with PRES/hypertensive hemorrhage, plaintiff has suffered severe and permanent neurological injuries.

19. That the acts and/or omissions to act constituting the negligence and medical malpractice of the defendant, its agents, servants and/or employees are as follows:

    A. Roop Kaur was negligent and departed from the standard of care when she instructed plaintiff to stop taking her Lisinopril-Hydrochlorothiazide medication, failing to provide adequate instructions to plaintiff, failing to arrange for appropriate daily monitoring of plaintiff's blood pressure and failing to schedule a follow-up appointment to monitor the effects of withdrawing from the medication.

    B. Annmarie Zimmerman was negligent and departed from the standard of care in failing to properly supervise Roop Kaur, who was an inexperienced resident, and in failing to timely review the note entered by Roop Kaur until well after plaintiff's hypertensive brain bleed occurred.

    C. Upon information and belief, UPC and Defendant United States of America, as employer of Roop Kaur and Annmarie Zimmerman, are vicariously liable for their acts of professional negligence.

20. These acts and/or omissions constituting the negligence and medical malpractice of the defendant, its agents, servants and/or employees, have caused plaintiff to suffer severe and permanent neurological injuries.

21. On September 14, 2017, plaintiff served a Claim for Damage, Injury, or Death, by nature of a Standard Form 95 upon United States Department of Health and Human Services,

Office of the General Counsel, General Law Division, Claims and Employment Law Branch, 300 C Street, SW, ATTENTION: CLAIMS, Switzer Building, Suite 2600, Washington, D.C. 20201.

22. In a letter dated December 7, 2017, from the Department of Health and Human Services that administrative tort claim was denied.

23. By virtue of the above, plaintiff claims damages in the sum of $2,000,000.

**WHEREFORE**, plaintiff demands judgment against the defendant in the sum of $2,000,000 together with such other relief the Court finds just and proper.

Dated: January 4, 2018
       Rochester, New York

                      FARACI LANGE, LLP

                      /s/Stephen G. Schwarz
                      By:  Stephen G. Schwarz, Esq.
                      Attorneys for Plaintiff
                      Office & P.O. Address:
                      28 E. Main Street, Ste. 1100
                      Rochester, New York  14614
                      Telephone:  (585) 325-5150
                      Email: sschwarz@faraci.com